UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **NATALIE PROSZAK and LEONARDO LEIVA RIVERA** | * * | **CIVIL ACTION NO.:** |
| | * | **JUDGE:** |
| **VERSUS** | * * | |
| | * | **MAGISTRATE:** |
| **DOORDASH, INC, VOYAGER INDEMNITY INSURANCE COMPANY, SARAH COLE AMBROSE, and BRYSON MATTHEW FAUL** | * * * * * | **JURY DEMAND** |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE, Defendant, DoorDash, Inc. (hereinafter, "DoorDash"), by and through undersigned counsel, hereby submits this Notice of Removal of the state court action referenced herein to the United States District Court for the Eastern District of Louisiana, pursuant to 28 U.S.C. §1332, 1367, 1441, and 1446. In support of its removal, DoorDash respectfully avers as follows:

## BACKGROUND

I.

On May 18, 2023, Plaintiffs, Natalie Proszak and Leonardo Leiva Rivera ("Plaintiffs"), filed a Petition for Damages, entitled "*Natalie Proszak and Leonardo Leiva Rivera versus DoorDash Inc., et al*," bearing suit number 2023-04548, in Civil District Court for the Parish of Orleans, State of Louisiana.[1]

---

[1] See Plaintiffs' Petition for Damages, attached as Exhibit A.

1

II.

Plaintiffs asserted personal injury claims arising out of a motor vehicle accident that occurred on May 29, 2022. Plaintiffs allege that Natalie Proszak (hereinafter, "Proszak") was operating a 1995 Geo Tracker, which was stopped at a red-light signal at the intersection of Camp Street and Julia Street in Orleans Parish, while Leonardo Leiva Rivera (hereinafter, "Rivera") was riding as a passenger in the Geo Tracker.[2]  Plaintiffs also allege that Defendant, Sarah Cole Ambrose (hereinafter, "Ambrose") was operating a 2010 Honda Odyssey, owned by Defendant, Bryson Matthew Faul (hereinafter, "Faul"), who was riding as a passenger in the Odyssey.[3] Plaintiffs further allege that the accident occurred, when the vehicle driven by Ambrose rear-ended the vehicle driven by Proszak.[4]

III.

Plaintiffs further allege that Ambrose and Faul were employees or agents of DoorDash and were acting within the course and scope of their employment at the time of this accident and that Ambrose and Faul were performing delivery services on behalf of, in cooperation with, and as agents of DoorDash, Inc.[5]

**DIVERSITY OF CITIZENSHIP**

IV.

Pursuant to 28 U.S.C. §1332, this Court has jurisdiction over this matter based upon complete diversity of citizenship between the Plaintiffs and Defendants.

---

[2] See Ex. A, ¶ 4.
[3] See *Id*.
[4] See *Id*.
[5] See Ex. A, ¶ 7-10.

V.

The Petition alleges that Plaintiffs, Proszak and Rivera, are both domiciled in the Parish of Orleans, State of Louisiana.[6] Accordingly, Plaintiffs are considered citizens of Louisiana for the purposes of diversity jurisdiction.

VI.

The Petition alleges that Ambrose and Faul are both domiciled in the city of Poplarville, State of Mississippi.[7] Accordingly, Ambrose and Faul are considered citizens of Mississippi for the purposes of diversity jurisdiction.

VII.

DoorDash is incorporated in the State of Delaware and maintains its principle place of business in the State of California. Thus, for purposes of citizenship, DoorDash is a citizen of Delaware and California.

VIII.

DoorDash's alleged insurer, Voyager Indemnity Insurance Company (hereinafter, "Voyager") is incorporated in the State of Georgia and maintains its principal place of business in Atlanta, Georgia. Thus, for purposes of citizenship, Voyager is a citizen of Georgia.

IX.

Accordingly, pursuant to 28 U.S.C. §1332, this Court has jurisdiction over this matter, based upon complete diversity of citizenship among the Plaintiffs and properly joined and served Defendants.

---

[6] See Ex. A, ¶ preceding ¶ 1.
[7] Ex. A.

## AMOUNT IN CONTROVERSY

X.

Plaintiffs' Petition for Damages did not provide any allegation that would indicate that the amount in controversy exceeds the amount necessary to invoke federal diversity jurisdiction.[8]

XI.

Removal based on a copy of an amended pleading, motion, order, or other paper must be "unequivocally clear and certain" to start the time limit running for a notice of removal under the second paragraph of section 1446(b).[9]

XII.

On March 5, 2024, subsequent to service of the Petition, undersigned counsel obtained certified medical records from Louisiana Pain Specialists relative to treatment undertaken by Rivera. Those certified medical indicated that Rivera's treating physician, Dr. Eric Sterne, performed bilateral cervical facet joint injections at C4-C5 and C5-C6.[10] Undersigned counsel first learned of River having undergone the procedure upon receipt of the certified medical records. As of the March 5, 2024 production, Rivera's past medical expenses are $11,220.00.[11]

XIII.

Additionally, general damages for spine injuries *treated* with interventional pain management treatment, such as facet joint injections, can exceed the jurisdictional limit ($75,000) for diversity jurisdiction.[12] Thus, based on the medical records received by undersigned counsel

---

[8] See Ex. A.
[9] *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002).
[10] See Medical Records of LA Pain Specialists, attached as Exhibit B.
[11] *See* Medical Billing Records of Louisiana Pain Specialists, attached hereto as Exhibit C.
[12] See *Falman v. Larvadain*, Case No. 259,060 (9th JDC 12/9/19) (awarding $75,000 in general damages for a facet injection); *Luwisch v. American Marine Corp.*, 2:17-cv-3241 (E.D.La. 5/16/190 (awarding $90,000 in general damages for multiple cervical epidural steroid injections); *Burmaster v. State Farm Mut. Auto. Ins. Co.,* 2017-6965 (CDC 3/13/19) (awarding $75,000 in general damages for cervical herniation treated with epidural steroid injection and facet injection).

on March 5, 2024, the amount in controversy for Rivera's claim exceeds the $75,000.00 jurisdictional limit for a diversity case, and there is a good faith basis for removing this matter to federal court.

XIV.

Thus, considering Rivera's known treatment and past medical expenses incurred, the $75,000 amount in controversy requirement of 28 USC §1332 is satisfied.

**SUPPLEMENTAL JURISDICTION**

XV.

The District Courts of the United States have authority to exercise supplemental jurisdiction where complete diversity exists and at least one named plaintiff in the action satisfies the amount in controversy requirement, so long as the claims of the other plaintiffs arise out of the same "case or controversy".[13] Indeed, the claims of one (1) plaintiff in this action, Rivera, satisfy the amount in controversy requirement necessary for diversity jurisdiction.

XVI.

This matter is subject to removal as complete diversity exists and the amount in controversy requirement has been satisfied pursuant to 28 U.S.C. §1332 and 1367. As the claims of both Plaintiffs arise out of the same "case or controversy," the May 29, 2022 motor vehicle accident, this Court not only has jurisdiction over the claims of Rivera, but also has supplemental jurisdiction and can exercise such jurisdiction over the claims of Proszak in this matter.

---

[13] *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 125 S. Ct. (6/23/05).

**REMOVAL IS PROPER**

XVII.

Notices of removal are governed by 28 U.S.C. §1446(b), which provides, "each defendant shall have 30 days after receipt by or service on that defendant of the initial pleadings or summons… to file the notice of removal."  Further, under 28 U.S.C. §1446(b)(3), "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant…of…other paper from which it may first be ascertained that the case is one which is or has become removable."

XVIII.

DoorDash obtained "other paper" on March 5, 2024, in the form of Rivera's medical records that indicate past special damages, as well as general damages associated with cervical facet joint injections, places the amount in controversy in excess of $75,000.  DoorDash submitted the instant Notice of Removal within thirty (30) days of receipt of Plaintiff's certified medical records from his treatment provider.  Accordingly, the instant removal is timely.

XIX.

Undersigned counsel has reached out to counsel for all defendants that have been served and each defendant has provided consent to this removal.[14]

XX.

The United States Court for the Eastern District of Louisiana is the federal judicial district embracing Civil District Court for the Parish of Orleans, State of Louisiana, where suit was originally filed. Venue is therefore proper in this district court pursuant to 28 U.S.C. §1441(a).

---

[14] See, Consent to Removal, attached *in globo* hereto as Exhibit D.

XXI.

Since there is complete diversity of citizenship between the Plaintiffs and the Defendants, and because the amount in controversy unequivocally exceeds $75,000, exclusive of interest and costs, this Court has jurisdiction over the civil action pursuant to 28 U.S.C. §1332 and 1367. Accordingly, this action may be removed to this Honorable Court pursuant to 28 U.S.C. §1441 and 1446.

XXI.

DoorDash has good and sufficient defenses to the Plaintiffs' claims for relief and disputes all rights to the relief prayed for in Plaintiffs' Petition for Damages.

WHEREFORE, Defendant, DoorDash, Inc., prays that the above-entitled cause on the docket of the Civil District Court for the Parish of Orleans, State of Louisiana, be removed from that Court to the docket of the United States District Court for the Eastern District of Louisiana and for trial by jury and other determinations as required by law.

Respectfully submitted,

/s/ Jared A. Davidson
Jared A. Davidson, La. Bar No. 32419
Emma Moppert, La. Bar No. 38352
TAYLOR, WELLONS, POLITZ & DUHE, LLC
1555 Poydras Street, Suite 2000
New Orleans, Louisiana  70112
Telephone:  (504) 525-9888
Fax:  (504) 525-9899
Email: jdavidson@twpdlaw.com
          emoppert@twpdlaw.com

**Attorneys for DoorDash, Inc.**

## **CERTIFICATE OF SERVICE**

  I hereby certify that the above and foregoing *Notice of Removal* has been electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System. I further certify that I mailed the forgoing document and notice of electronic filing by first-class mail to all counsel of record who are not participants in the CM/ECF system on this 1st day of April, 2024.

               */s/ Jared A. Davidson*
              TAYLOR, WELLONS, POLITZ & DUHE, APLC